AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

United States of America
v.
VICTOR RICARDO GRANT

)
)
)
)
)
)
)
)

Case No.

## 8:20MJ1059SPF

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 22, 2020 _____ in the county of _____ Pinellas _____ in the

_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Possession of ammunition as a convicted felon. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

FBI - TASK FORCE OFFICER  JUAN ALVAREZ
Printed name and title

Sworn to before me and signed in my presence.

Date: __1/22/2020__

City and state: __Tampa, Florida__

_____
Judge's signature

Sean P. Flynn, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I Juan Alvarez, a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), being duly sworn, depose, and state the following:

1.      I am currently a Detective with the Tampa Police Department (TPD) and have been employed by TPD for 15 years.  I have been assigned to the FBI as a TFO on the Tampa Bay Safe Streets Task Force since 2014.  In connection with my official duties as a TFO, I investigate criminal violations of federal laws related to controlled substances, firearms, and violent crimes, including offenses found in Title 18 and Title 21 of the United States Code (USC).  I have participated in numerous investigations involving violent crimes and drugs.

2.      On January 22, 2020, an authorized search warrant was conducted at 803 Hunters Court, Brandon, Florida.  The search warrant was conducted by Agents with the Federal Bureau of Investigation ("FBI"), Agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (more commonly referred to as "ATF"), and members of state and local law enforcement agencies. The subject of the search warrant was a single story apartment within a multiple unit apartment complex.  The residents of the apartment are VICTOR RICARDO GRANT (GRANT), his wife, his 21 year-old daughter, and a juvenile female.

3.      During the search of the residence, a Blackhawk black backpack was discovered within a rubber storage container within a closet inside the master bedroom. The backpack contained four orange reflective type traffic vests, a package of orange foam ear protection plugs, and 15 boxes of Wolf 7.62 x 39mm ammunition, each box

containing 20 cartridges.

4.     During an audio recorded interview, GRANT's wife indicated the only

firearm she owned was a Glock semi-automatic 9mm handgun, and has a Concealed

Weapons permit to carry that firearm.  The wife did not know of any other firearm or

ammunition being stored within the residence, or owned or possessed by any other

member of the family.  When advised of the location of the closet where the ammunition

was found within the black backpack, the wife physically identified the closet, and

indicated the closet was utilized by GRANT. The wife said GRANT utilizes the

backpack to carry clothing to and from his place of employment.  Further, within the

closet where the backpack was located were pieces of laundry (dry cleaning) that had

recently been laundered (December 27, 2019) with "VICTOR GRANT" printed on the

receipt.

5.     An officer interviewed GRANT's employer and showed him a picture of a

vest that was found in the above-noted backpack with the ammunition.  The employer

recognized the vest as a vest that his employees wear but said that GRANT's position did

not require him to wear one.

6.     An Interstate-Nexus Analyst with ATF indicated that the ammunition was

not manufactured in the State of Florida, and therefore, must have travelled in and

affected instate commerce prior to being found in the Middle District of Florida on

January 22, 2020.

7.     An NCIC criminal history database inquiry revealed GRANT was convicted of felony offenses of "Aggravated Assault with a Deadly Weapon" on September 29, 2005; "Possession of Cocaine" on December 10, 2001; and "Possession of Cocaine" on December 10, 2001.

8.     I conducted an online query of the Office of Executive Clemency, Tallahassee, Florida, and confirmed that GRANT has not had his rights to possess firearms reinstated.

9.     Based on the above, probable cause exists to believe that Leon Grant, Jr. has violated the laws of the United States, specifically possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).

Juan Alvarez
Task Force Officer, FBI

Sworn to and subscribed before me
on this 22 day of January, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE